OPINION
Defendant-appellant Thomas William Smith appeals his convictions and sentences on two counts of domestic violence entered by the Delaware Municipal Court following a jury's verdict of guilty on both counts. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE FACTS AND CASE
Appellant and Roma Smith are husband and wife.
On August 29, 1997, Deputy Dick of the Delaware County Sheriff's Department was dispatched to appellant's residence relative to a domestic violence complaint. Deputy Dick arrived at the residence approximately eight minutes after Mrs. Smith had called 911. Upon arrival, the deputy observed Mrs. Smith crying and very upset. She told Deputy Dick she had been sleeping when appellant came home, intoxicated. Mrs. Smith further related to the deputy appellant grabbed her around the neck with both hands, causing a momentary blockage of her airway, pulled her out of bed, threw her to the floor and threatened to kill her. Deputy Dick observed visible redness around Mrs. Smith's neck. Appellant left the residence after Mrs. Smith called 911, but before the deputy arrived.
Mrs. Smith appeared at trial under subpoena issued by appellee. Upon being called as a witness, appellee did not object to her testimony nor did Mrs. Smith refuse to testify. Her trial testimony recanted, in part, the statement previously given to Deputy Dick. Deputy Dick read portions of his report, including parts of Mrs. Smith's statement, into evidence over the objection of appellant. The trial court permitted such testimony under the excited utterance exception to the rule against hearsay.
Following the close of evidence, closing arguments and instructions to the jury, the jury returned verdicts of guilty against appellant on both counts. The trial court sentenced appellant to 30 days in jail on one count of domestic violence and 180 days in jail on the other count of domestic violence. The court indicated it would review the sentence on both charges after 30 days and a review of court ordered substance abuse counseling.
It is from those convictions and sentences appellant prosecutes this appeal, assigning as error:
 I. THE COURT ERRED IN FAILING TO ADVISE MRS. SMITH OF HER RIGHT TO REFUSE TO TESTIFY AGAINST HER HUSBAND PURSUANT TO OHIO REVISED CODE SECTION 2317.02D AND THE CASE OF STATE OF OHIO V. ADAMSON 650 N.E.2D 875, 72 OHIO ST.3D 431, 1995 OHIO LEXIS 1367, JULY 5, 1995.
 II. THE COURT ERRED WHEN IT PERMITTED DEPUTY DICK, OVER OBJECTION, TO TESTIFY BOUT [SIC] HEARSAY STATEMENTS ATTRIBUTED TO ROMA SMITH.
 III. DEFENDANT/APPELLANT'S RIGHT TO DUE PROCESS OF LAW WAS VIOLATED BY THE EXTREME COERCION OF DEFENDANT/APPELLANT'S SPOUSE BY THE STATE AND THE COURT, AND BY COMMENTS MADE BY THE COURT IN THE PRESENCE OF THE JURY.
 IV. DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW AND TO A TRIAL BY JURY WERE VIOLATED BY THE COURT AND PROSECUTOR BY PUNISHING DEFENDANT/APPELLANT FOR "ROLLING THE DICE", AND SEEKING A TRIAL BY JURY IN THIS CASE. THE RECORD IS CLEAR THAT DEFENDANT/APPELLANT WAS SENTENCED TO MORE TIME THAN HE WOULD HAVE RECEIVED BY NOT GOING TO TRIAL IN THIS CASE. ADDITIONALLY, THE EXECUTION OF THE SENTENCE WAS ENFORCED IMMEDIATELY WITH THE COURT REMINDING DEFENDANT/APPELLANT DID GO TO TRIAL IN THIS CASE.
 I
Herein, appellant notes the record demonstrates the trial court never advised Mrs. Smith of her right not to testify; therefore, pursuant to State v. Adamson (1995), 72 Ohio St.3d 431, Mrs. Smith was incompetent to testify. Appellee does not dispute the fact the trial court did not advise Mrs. Smith of her right not to testify against her husband, but contends Mrs. Smith's competency to testify is established under Evid.R. 601(B). We agree.
Evid.R. 601 provides, in pertinent part:
Every person is competent to be a witness except:
 (B) A spouse testifying against the other spouse charged with a crime except when either of the following applies:
 (1) A crime against the testifying spouse or a child of either spouse is charged;
(2) The testifying spouse elects to testify.
(Emphasis added).
Because Mrs. Smith was the victim, she was competent to testify under the rule.
Appellant reliance on Adamson is misplaced. In Adamson, the testifying spouse was not the victim. The defendant in Adamson
was charged with killing a third person unrelated to the defendant or his wife. Adamson involved analysis of Evid.R. 601(B)(2), not Evid.R. 601(B)(1), which is the applicable rule in the case subjudice.
Furthermore, we note appellant never objected to his spouse's testimony nor asserted the spousal privilege under R.C.2317.02(D). Accordingly, he has waived any error as to this portion of his claim.
For the foregoing reasons, appellant's first assignment of error is overruled.
 II
We overrule this assignment of error because we find no abuse of discretion in the trial court's decision to admit this evidence under the excited utterance exception to the hearsay rule. See, Evid.R. 803(2).
 III
Herein, appellant takes exception to the following statement made by the trial court to Mrs. Smith in the jury's presence:
 Let me interject here, in light of her earlier statement. Ma'am, I do feel compelled to caution you at this point that your further answers in this regard intend to incriminate you. Go ahead, Counsel. Tr. at 37.
The trial court's comment followed Mrs. Smith's recanting of her original statement to Deputy Dick. Appellant argues, "This interjection by the Court completely repudiated the effect of Defendant/Appellant's spouse, the only witness in the case, and denied Defendant/Appellant's due process rights." We disagree.
We find nothing improper about the trial court's sua sponte
admonition to Mrs. Smith regarding the potentially self-incriminating nature of her trial testimony. We agree with appellee the better practice would have been to warn the witness outside the presence of the jury, however, in light of the fact the trial court instructed the jury not to regard anything it did or said as a reflection of the court's view of the facts, and because appellant failed to identify where in the record he objected to the court's statement, or requested a cautionary instruction or mistrial, we find no reversible error as to this claim. Tr. at 54.
Appellant's third assignment of error is overruled.[1]
 IV
Appellant did not present any argument under this assignment of error, but merely states the assigned error. There is no reference to where in the record the alleged error occurred.[2] Appellant failed to comply with App.R. 16(A). We overrule this assignment of error for such noncompliance.
We hasten to note, upon our review of the record, we find the record does not affirmatively demonstrate appellant received a harsher sentence merely because he elected to proceed to trial rather than enter a change of his plea to guilty.
The judgment of the Delaware Municipal Court is affirmed.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware Municipal Court is affirmed. Costs assessed to appellant.
[1] We do not address appellant's allegation of prosecutorial misconduct in closing argument because it was not separately assigned as error. See, App.R. 16(A).
[2] The only reference to the transcript concerning sentencing is found in appellant's Statement of the Facts, wherein appellant relates the trial court noted, "We went to trial . . . and took a show of hands regarding whether to impose the jail sentence immediately or wait until after Christmas." Tr. at 73. Although we discourage the practice of taking a vote as to when sentence should be imposed, we find no error therein.